**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

GARY MENDOLA,

     Plaintiff,

v.

THE GRAPHIC EDGE, INC., an Iowa corporation,

     Defendant.

---

**VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND MONEY DAMAGES**

---

Plaintiff Mendola, for his Verified Complaint against Defendant The Graphic Edge, Inc. ("Graphic Edge"), alleges as follows:

**INTRODUCTION**

1. Mendola is a former employee of Graphic Edge, where he worked for eighteen months selling athletic apparel to local Colorado Springs school districts for their athletic programs. Mendola's Iowa-generated non-compete agreement threatens to enforce the covenants not to compete or solicit employees. But, those covenants are unenforceable under Colorado law, and the agreement's threat is essentially a demand that he be completely restricted from working for one year for any company selling athletic apparel on much of the front range of Colorado solely based upon an unenforceable restraint of trade agreement under Colorado law. He seeks a judicial declaration that those covenants are unenforceable, and he further seeks to recover his monetary damages and attorney fees.

**JURISDICTION AND VENUE**

2. At all times relevant to this case, Mendola is and has been a resident of the State of Colorado.

3. Graphic Edge is an Iowa corporation whose principal office is located in the State of Iowa.

1

4.    Graphic Edge has demanded that Mendola not work directly or indirectly with any business that is competitive with it within a 150 mile radius of Colorado Springs, CO. Although the precise cost of such forbearance is presently undetermined, Graphic Edge's demand, if met, most certainly would cost Mendola well over $75,000 in lost salary and benefits.

5.    Jurisdiction is proper under 28 U.S.C. § 1332(a)(1).

6.    Venue is proper under 28 U.S.C. § 1391(a).

## **GENERAL ALLEGATIONS**

7.    In November 2017, Mendola entered into a Covenant Not to Compete and Confidentiality Agreement ("the Agreement") with Graphic Edge for his position as a "Sales Manager." A true and correct copy of the Agreement is attached hereto as **Exhibit 1.**

8.    Mendola's duties for Graphic Edge were as an ordinary sales representative selling sporting apparel to school districts in the Colorado Springs, Colorado metro area.

9.    Mendola had no authority to hire or fire, no authority to discipline other employees, and did not supervise or lead any other Graphic Edge employees.

10.    Mendola was not involved in determining Graphic Edge's overall business strategies, and he was not responsible for budgeting, staffing, or other management and executive duties.

11.    Now, eighteen months after starting his position with Graphic Edge, Mendola has found a new career opportunity and decided to change jobs to work for BSN Sports, LLC ("BSN Sports") as a "Sales Professional."

12.    Paragraph 1 of the Agreement provides:

> **Definitions**. For purposes of this Agreement:
>
> **"Business"** means the business of a type and character engaged in by Company, specifically, manufacturing and selling custom screen printed team, fan and business apparel and related services such as custom embroidery and tackle twill and any other related services the Company may provide after the signing of this Agreement.
>
> **"Business Territory"** means any geographic area assigned by Company to Employee as a sales representative during the last year of his employment. At the time this Agreement is signed, Employee's geographic territory consists of approximately a 150 mile radius around Colorado Springs, Colorado. The parties

agree this precise geographic territory may change over the course of Employee's employment.

**"Restricted Period"** means the period of time during Employee's employment with Company, in any capacity, and for a period of twelve (12) months thereafter.

13.    Paragraph 2 of the Agreement provides in part:

**Non-Competition Provisions**. Employee acknowledges that Employee's employment duties include personal contact with the Company's customers, employees and vendors and that the Company's business, welfare and existence is dependent on the maintenance of such relationships in a satisfactory manner. Employee further acknowledges that as part of Employee's employment with the Company, Employee will have substantial access to the Company's Confidential Information. Because of the unique value to the Company of the Employee's services, the relationships developed between Employee and the Company's customers and the confidential information to be obtained by Employee, and as a material inducement to the Company to enter into the Employment Agreement, Employee agrees and covenants, as follows:

a. During the *Restricted Period*, Employee will not directly or indirectly, work for any business that is competitive with the Company in the *Business* in the *Business Territory*. Directly or indirectly includes, but is not limited to, (i) engaging in a business as owner, partner or agent, (ii) becoming an employee of any third party that is engaged in such business or (iii) soliciting any customer of the Company for the benefit of a third party that is engaged in such business.

(Emphasis in original.)

14.    Paragraph 4 (mislabeled as 2) of the Agreement provides in part:

**Confidentiality**. Employee agrees and acknowledges that Employee has and will have Confidential Information regarding the Company that is valuable, special and unique and is an asset of the Company…

15.    Paragraph 8 (mislabeled as 7) of the Agreement provides:

**Applicable Law, Jurisdiction and Venue**. This Agreement shall be construed and interpreted according to the laws of the State of Iowa without regard to conflicts of law principles. Any proceeding relating to this Agreement shall be brought in the Iowa District Court in and for Polk County or the United States District Court for the Southern District of Iowa. Employee and Company hereby expressly acknowledge and consent to personal jurisdiction therein.

16.    Covenants not to compete in Colorado are governed by Colo. Rev. Stat. § 8-2-113 ("unlawful to intimidate workman – agreement not to compete"). That statute "embodies a strong public policy which disfavors covenants not to compete" in Colorado. *Nutting v. RAM Southwest, Inc.*, 106 F. Supp. 2d 1121, 1124 (D. Colo. 2000); *see Phoenix v. Dowell*, 176 P.3d 835 (Colo. App. 2007); *DBA Enters., Inc. v. Findlay*, 923 P.2d 298, 302 (Colo. App. 1996). Because non-compete agreements serve

3

to restrain trade, Colorado courts construe them narrowly. *See Gold Messenger, Inc. v. McGuay*, 937 P.2d 907, 910 (Colo. App. 1997); *Colorado Accounting Machs., Inc. v. Mergenthaler*, 609 P.2d 1125, 1126 (Colo. App. 1980). The same is true for non-solicitation agreements. *See Atmel v. Vitesse Semiconductor Corp.*, 30 P.3d 789, 794 (Colo. App. 2001).

17.     A covenant not to compete or customer non-solicitation clause that fails to meet one of the exceptions defined in the statute "is facially void, rather than voidable. . . ." *Management Recruiters of Boulder, Inc. v. Miller*, 762 P.2d 763, 765 (Colo. App. 1988); *see Phoenix v. Dowell,* 176 P.3d 835 (Colo. App. 2007); *In re Marriage of Fischer*, 834 P.2d 270, 271 (Colo. App. 1992).

18.     The proponent of a non-compete provision bears the burden of demonstrating it is not void under established Colorado law. *Porter Indus., Inc. v. Higgins*, 680 P.2d 1339, 1340-41 (Colo. App. 1984); *see Alexander & Alexander, Inc. v. Frank B. Hall and Co.*, No. 88-A-1621, slip op. at 5 (1990 WL 8028) (D. Colo. Jan. 31, 1990).

19.     "Colorado favors a policy of 'free and vigorous economic competition.'" *Lucht's Concrete Pumping, Inc. v. Horner*, Case No. 08-CA-0936, slip op. at 6 (2009 WL 1621306) (Colo. App. June 6, 2009); *see Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 493 (Colo. 1989).

20.     On or about April 29, 2019, Mendola provided notice to Graphic Edge that he intends to leave its employment to join BSN Sports.

21.     Mendola started work for BSN Sports on April 30, 2019.

22.     The net effect of the Agreement is a direct threat rendering Mendola unable to work in his chosen profession – a profession in which he was trained not by Graphic Edge, but by years of his own work as a sales professional for several entities over the years.

23.     In addition, Mendola has not misappropriated – and he does not intend to misappropriate – any of Graphic Edge's confidential information, and indeed, Mendola does not possess any confidential information that would be subject to the Agreement.

24.     As a result of the Iowa-originated Agreement, which expressly violates Colorado's strong public policy against covenant's not-to-compete, an actual controversy exists with respect to Mendola's rights and obligations under the Agreement, including his right to perform any work in his chosen career

in Colorado.

25.    Colorado law, not Iowa, should apply to this controversy because Colorado has a materially greater interest than Iowa in determining whether paragraph 8 the Agreement is enforceable. This Agreement was to be performed in Colorado, the breach of the Agreement is alleged to have occurred or will occur in Colorado, and Plaintiff is a resident of Colorado with his sole place of work in Colorado. More importantly, the non-solicitation agreement between Mendola and Graphic Edge restricts competition in Mendola's sales territory, Colorado, so that the effects of noncompetition resulting from this Agreement would be felt in Colorado, not Iowa. *See Great Am. Opportunities, Inc. v. Kent*, 352 F.Supp.3d 1126, 1133 (D. Colo. 2018). Moreover, the application of Iowa law would be contrary to a fundamental public policy of Colorado, which voids non-compete agreements except for expressly defined exceptions that do not apply here. *Id.*

## FIRST CLAIM FOR RELIEF
(Declaratory Judgment – Enforceability of Non-Solicit and Non-Compete Clauses, and Duty of Loyalty)

26.    Mendola incorporates by reference the allegations contained in Paragraphs 1-25 above as if fully set forth herein.

27.    Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, this Court has the power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed.

28.    Mendola seeks a judicial declaration that the non-solicitation and non-compete clauses contained in his Agreement with Graphic Edge are unenforceable and that the Agreement's threat of potential legal action is contrary to applicable law.

29.    Without such a declaration from the Court, Mendola cannot determine what his rights and obligations are under the Agreement, and he thereby risks inadvertently breaching the same.

30.    Mendola is entitled to a declaration from this Court declaring that the non-solicit and non-compete clauses are unenforceable.

## SECOND CLAIM FOR RELIEF

(Attorney's Fees)

31.     Mendola incorporates by reference the allegations contained in Paragraphs 1-30 above as if fully set forth herein.

32.     To the extent the Agreement is found to entitle Mendola to an award of attorney fees, he hereby seeks such an award.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gary Mendola respectfully requests that the Court:

(a)     Issue a judicial declaration pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, declaring the non-solicit and non-complete clauses are unenforceable and Mendola has not violated his duty of loyalty;

(b)     Enter a money judgment in favor of Mendola to compensate him for his injuries, damages and losses;

(c)     Award pre- and post-judgment interest as allowed by law;

(d)     Award attorney fees and costs; and

(e)     Award such other and further relief as this court deems just and proper.

Dated this 30th day of April 2019.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

*s/Matthew Linton*
Austin E. Smith
Matthew Linton
2000 S. Colorado Blvd.
Tower Three, Suite 900
Denver, Colorado 80222
Telephone: 303.764.6800
Email: matthew.linton@ogletree.com
Email: austin.smith@ogletree.com

*Attorneys for Plaintiff*

Plaintiff's address:

357 Whitney Bay
Windsor, CO 80550

## VERIFICATION

STATE OF COLORADO    )
                             ) ss.

COUNTY OF DENVER    )

The undersigned, Gary Mendola, first being sworn, states that he is familiar with the facts stated in the foregoing Verified Complaint for Declaratory Relief and Money Damages and that such facts are true to the best of his knowledge, information and belief.

_____
Gary Mendola

The foregoing was subscribed and sworn to before me this 30th day of April, 2019.

Witness my hand and official seal.

> **Linda R. Kerman**
> *[SEAL]* NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID 19914007229
> MY COMMISSION EXPIRES JUNE 24, 2019

My commission expires:     6/24/2019

_____
Notary Public